AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

```
FILED
CLERK, U.S. DISTRICT COURT
02/04/25
CENTRAL DISTRICT OF CALIFORNIA
BY: KC   DEPUTY
```

```
LODGED
CLERK, U.S. DISTRICT COURT
2/4/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: jb   DEPUTY
```

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>Francisco Javier ABONCE-VARGAS,<br><br>Defendant. | Case No.   5:25-mj-00037-duty |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 3, 2025 in the County of Riverside in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Jorge Palomo, United States Border Patrol Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: February 4, 2025

*(judge's signature)*

Judge's signature

City and state: Riverside, California

Hon. Sheri Pym,
U.S. Magistrate Judge
*Printed name and title*

AUSA: Alexander H. Tran (x0758)

**AFFIDAVIT**

I, JORGE PALOMO, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Francisco Javier ABONCE-VARGAS ("defendant") charging him with violating Title 8, United States Code, Sections 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a United States Border Patrol Agent ("BPA") with the Department of Homeland Security ("DHS"), Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since September 2009, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The 23-week Academy curriculum covers specialized training in the Immigration and Naturalization Act, criminal law, and statutory

authority, as well as cross-training in Title 21, United States Code, Controlled Substances law, and in Title 19, United States Code, Customs law.

### III. STATEMENT OF PROBABLE CAUSE

4.   On February 3, 2025, Indio Border Patrol Station and El Centro Sector Anti-Smuggling Unit ("SIU") were conducting a targeted immigration enforcement operation in La Quinta, California.

5.   At approximately 11:45 a.m., Indio Agents and SIU agents arrived at the intersection of Fiesta Dr. and Jefferson St. in the city of La Quinta, California. Border Patrol Agents ("BPA") P. Smith, D. Reiss, and V. Mullis knew that ABONCE-VARGAS resided in this area in a wood fabricated dwelling under the overpass. ABONCE-VARGAS had been identified as an enforcement target after law enforcement discovered he is an illegal alien with a criminal history. During the operation, BPA Reiss saw ABONCE-VARGAS peak his head out of his dwelling.

6.   BPA Reiss approached ABONCE-VARGAS and identified himself and called ABONCE-VARGAS to come out. ABONCE-VARGAS exited his dwelling. BPA Reiss asked what his name was, and ABONCE-VARGAS stated his full name was Francisco Javier ABONCE-VARGAS. BPA Reiss asked him if he had any identification, and ABONCE-VARGAS provided a California driver's license. After receiving a positive identification, the BPAs placed ABONCE-VARGAS under arrest for being illegally present in the United States.

7. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

8. On or about February 3, 2025, I obtained and reviewed a DHS A-File (the "DHS A-File"), which is maintained for the subject alien "ABONCE-VARGAS, FRANCISCO." The DHS A-File contained the following documents and information:

   a. Photographs of the subject alien to whom this specific DHS A-File corresponded. I compared the photographs in the DHS A-File to photographs taken at the time of defendant's booking into local law enforcement custody. I thus determined that this DHS A-File and its contents corresponded to this defendant.

   b. One executed Warrant of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the United States on or about September 17, 2007. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by U.S. Immigration and Customs Enforcement (and its predecessor agency, the United States Immigration and Naturalization Service) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of

Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

      c.   A certified conviction record showing that defendant was convicted on or about September 10, 2004, of Buying or Receiving Stolen Property, in violation of California Penal Code Section 496d(a), and Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11377(a), in the California Superior Court for the County of Orange, Case Number 04CF1006, for which defendant was sentenced to a total term of 16 months' imprisonment.

      d.   Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Mexico. These documents included an Order of the Immigration Judge, dated September 17, 2007, ordering defendant removed to Mexico.

   9.   On or about February 4, 2025, I reviewed printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that defendant had been convicted of the crime reflected on the documents contained in defendant's DHS A-File.

   10.   Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from, the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that

such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. CONCLUSION

11.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __4th__ day of
February 2025.

_(signature)_

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE